UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMC SEMITECH CO., LTD., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>CAPITAL ASSET EXCHANGE AND TRADING, LLC,<br><br>   Defendant. | Case No. 24-cv-09451-NC<br><br>**ORDER FOR PLAINTIFFS TO SHOW CAUSE ESTABLISHING DIVERSITY JURISDICTION**<br><br>Re: Dkt. No. 1 |

  Plaintiffs GMC Semitech Co., Ltd., and Suzhou Cycas Microelectronics Co., Ltd., allege contract claims against Defendant Capital Asset Exchange and Trading, LLC. ECF 1. Pending before the Court is Defendant's motion to dismiss certain claims alleged in Plaintiffs' complaint. ECF 9, 14, 15.

  Because federal courts are courts of limited jurisdiction, a plaintiff must adequately allege that a court has subject matter jurisdiction to hear their case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To do so, a complaint must meet the requirements for either (1) federal question jurisdiction or (2) diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There must be "complete diversity" of citizenship for diversity jurisdiction to exist in actions between, for example, citizens of different states or citizens of a state and citizens or subjects of a

foreign state. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990); 28 U.S.C. § 1332(a). However, diversity jurisdiction does not exist in actions between citizens of foreign states. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994). For diversity jurisdiction, "a corporation is a citizen only of (1) the state [or foreign state] where its principal place of business is located, and (2) the state [or foreign state] in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899; 28 U.S.C. § 1332(c)(1). In contrast, "an LLC is a citizen of every state [or foreign state] of which its owners/members are citizens." *Id.*; *Carden*, 494 U.S. at 195–96.

"Federal courts have an independent obligation" to assess subject matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Here, the complaint alleges subject matter jurisdiction based on diversity. ECF 1 ¶ 6. Plaintiffs allege their own corporate citizenship based on their places of incorporation and principal places of business. ECF 1 ¶¶ 3, 4. However, Defendant is alleged to be a limited liability company whose citizenship therefore depends on that of each of its members. *See* ECF 1 ¶ 5. Plaintiffs allege that "to the best of Plaintiffs' knowledge and information, each of the members of Defendant CAET is either a citizen of the State of California (or another state), such that complete diversity of citizenship exists between Plaintiffs and Defendant," but do not provide additional information on each of the LLC's members and their citizenships. *See* ECF 1 ¶ 6.

Because the Court must ensure subject matter jurisdiction exists in this matter before deciding the pending motion, Plaintiffs are ordered to show cause in writing by March 4, 2025, providing sufficient information to establish diversity jurisdiction. Plaintiffs may move the Court for leave to conduct limited jurisdictional discovery as needed. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

**IT IS SO ORDERED.**

Dated: February 18, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2