1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10    GMC SEMITECH CO., LTD., et al.,

11                        Plaintiffs,              Case No. 24-cv-09451-NC

12            v.                                   **ORDER GRANTING**
                                                   **DEFENDANT'S MOTION TO**
13    CAPITAL ASSET EXCHANGE AND                   **DISMISS COMPLAINT**
      TRADING, LLC,
14                                                 Re: Dkt. Nos. 9, 14, 15
                        Defendant.
15

16            Plaintiffs GMC Semitech Co., Ltd. and Suzhou Cycas Microelectronics Co., Ltd.

17    bring various contract and tort-based claims against Defendant Capital Asset Exchange

18    and Trading, LLC based on three purchase agreements for equipment Plaintiffs allege they

19    paid for but never received.  Defendant moves to dismiss five of Plaintiffs' eight claims,

20    arguing the non-contractual claims fail because Plaintiffs allege valid and enforceable

21    contracts and fail to allege fraudulent, unlawful, or unfair conduct with particularity.

22    Plaintiffs, in turn, argue they permissibly allege tort claims in the alternative to their

23    contract claims and sufficiently allege unfair business practices and bad faith behavior by

24    Defendant.  For the reasons below, the Court GRANTS Defendant's motion to dismiss the

25    complaint.

26    **I.    BACKGROUND**

27            The Court takes the following facts as true for the purposes of the motion.  Plaintiffs

28    GMC and its wholly owned subsidiary Cycas are Chinese corporations "providing

United States District Court
Northern District of California

1  refurbishment services for used legacy semiconductor equipment to domestic customers in

2  China." ECF 1 (Compl.) ¶¶ 3–4. Defendant CAET "is a global physical commodity trader

3  addressing manufacturing needs in the semiconductor market." Compl. ¶ 5.

4      In February and March 2024, the parties executed three agreements for the sale of

5  equipment from Defendant to Plaintiffs. Compl. ¶¶ 10, 12. The agreements consisted of

6  invoice orders, purchase orders, and payments from Plaintiffs. Compl. ¶ 11. Plaintiffs

7  paid Defendant in full for each purchase agreement. Compl. ¶ 14. Plaintiffs also provided

8  information to Defendant to help establish compliance with export controls so the

9  purchased equipment could be shipped to China. Compl. ¶¶ 16, 17. In May 2024,

10  Defendant notified Plaintiffs that it could not ship the purchased equipment to Plaintiffs in

11  China. Compl. ¶ 17. Plaintiffs have never received the equipment they purchased through

12  the agreements or refunds of their payments. Compl. ¶ 18.

13      Plaintiffs filed suit against Defendant. Compl. Defendant moved to dismiss claims

14  from Plaintiffs' complaint. ECF 9 (Mot.). Plaintiffs opposed, ECF 14 (Opp'n), and

15  Defendant replied, ECF 15 (Reply). All parties have consented to magistrate judge

16  jurisdiction under 28 U.S.C. § 636(c). ECF 8, 10.

17  **II.   LEGAL STANDARD**

18      A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

19  sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To

20  survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

21  true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

22  662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

23  reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the

24  complaint and draw all reasonable inferences in favor of the non-moving party." *Retail*

25  *Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir.

26  2014). A court, however, need not accept as true "allegations that are merely conclusory,

27  unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs.*

28  *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows

United States District Court
Northern District of California

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Defendant moves to dismiss the following claims from Plaintiffs' complaint: money had and received (Third Claim); breach of the implied covenant of good faith and fair dealing (Fourth Claim); unjust enrichment (Fifth Claim); conversion (Sixth Claim); and unfair business practices under California's Unfair Competition Law (UCL) (Seventh Claim).

For the reasons below, the Court DISMISSES each of the challenged claims. Where Plaintiffs' claims may be cured by the allegation of other facts, dismissal is with leave to amend. *See Lopez*, 203 F.3d at 1227.

### A. Money Had and Received (Third Claim)

The parties agree that a claim for money had and received under California law is a quasi-contract claim and an alternative to claims premised on a valid contract. Mot. 4; Opp'n 5–6; Reply 6. "In an action on an express contract, a claim for money had and received is permitted where there has been a total failure of consideration." *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 230 (Cal. Ct. App. 2014). But a claim for money had and received, as a quasi-contract claim, generally "does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *Block Sci., Inc. v. True Diagnostics, Inc.*, No. 21-cv-01118-RBM-JLB, 2023 WL 27348, at *5 (S.D. Cal. Jan. 3, 2023).

Defendant concedes in its reply brief that "CAET does not dispute that the parties entered into written contracts that were supported by consideration." Reply 6. As a result, Plaintiffs' claim for money had and received fails to state a claim because there is no remaining dispute that the agreements were backed by consideration. *See Rutherford*, 223

1    Cal. App. 4th at 230; *Paracor*, 96 F.3d at 1167.  The Court need not reach the parties'

2    remaining arguments, and Plaintiffs' claim for money had and received is DISMISSED

3    without leave to amend.

**B.    Breach of the Implied Covenant of Good Faith and Fair Dealing (Fourth Claim)**

6    Defendant argues that Plaintiffs fail to state a claim for breach of the implied

7    covenant of good faith and fair dealing because the claim both "merely restate[s]

8    Plaintiffs' breach of contract claims" and is premised on obligations that are not found in

9    the agreements.  Mot. 5–6.

10    Plaintiffs allege Defendant breached the covenant of good faith by failing to

11    "acquire or make reasonable efforts to acquire and deliver the purchased equipment,"

12    "resolve any export 'compliance' concerns," and "act in good faith to fulfill its obligations

13    under the Agreements."  Compl. ¶ 36.  The Court finds that Plaintiffs fail to state a claim

14    for breach of the implied covenant of good faith and fair dealing on these bases.

15    "Under California law, every contract 'imposes upon each party a duty of good faith

16    and fair dealing in its performance and its enforcement.'"  *Rosenfeld v. JPMorgan Chase*

17    *Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citation omitted).  The covenant of

18    good faith and fair dealing is violated by "a conscious and deliberate act, which unfairly

19    frustrates the agreed common purposes and disappoints the reasonable expectations of the

20    other party thereby depriving that party of the benefits of the agreement."  *Careau & Co. v.*

21    *Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (Cal. Ct. App. 1990); *see also id.*

22    at 1393 ("Or, to put it another way, the 'implied covenant imposes upon each party the

23    obligation to do everything that the contract presupposes they will do to accomplish its

24    purpose.'").

25    Although "breach of a specific provision of the contract is not a necessary

26    prerequisite" to state a claim, "the scope of conduct prohibited by the covenant of good

27    faith is circumscribed by the purposes and express terms of the contract."  *Carma Devs.*

28    *(Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (Cal. 1992).  That is, "the

United States District Court
Northern District of California

4

implied covenant of good faith and fair dealing 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Rosenfeld*, 732 F. Supp. 2d at 968 (citation omitted). At the same time, "if the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract [cause] of action, they may be disregarded as superfluous as no additional claim is actually stated." *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 852 (C.D. Cal. 2004) (citation omitted). One exception to this limitation is "where the plaintiff alleges that the defendant acted in bad faith to frustrate the contract's benefits." *Id.*

Plaintiffs fail to state a claim for breach of the covenant of good faith based on their allegations that Defendant failed to acquire and deliver equipment and acted in bad faith. First, Plaintiffs do not point to any provisions in the agreements requiring Defendant to "acquire or make reasonable efforts to acquire and deliver the purchased equipment," and the Court identifies none. In fact, the agreements appear to provide for the possibility that Defendant might not acquire the equipment. *See, e.g.*, Compl., Ex. A at 13 ¶ 5 ("All Equipment is offered to Buyer based on its prior sale to CAET. Should such prior sale not occur, this invoice shall be null and void."). Without a contractual provision requiring Defendant to acquire the equipment, "the implied covenant has nothing upon which to act as a supplement." *See Rosenfeld*, 732 F. Supp. 2d at 968 (citation omitted). Second, Plaintiffs' allegation that Defendant violated the covenant of good faith by failing to make reasonable efforts to deliver the equipment relies on "the same course of conduct that underlies" Plaintiffs' breach of contract claims. *See Bard v. GSV Asset Mgmt.*, No. 23-cv-00488-WHO, 2023 WL 8852756, at *4 (N.D. Cal. Dec. 21, 2023). Specifically, Plaintiffs allege Defendant breached the agreements by failing to deliver the equipment and failing to refund Plaintiffs' payments for the equipment. Compl. ¶¶ 22, 27. Plaintiffs' claims for breach of contract and for breach of the covenant of good faith for failure to deliver therefore "rise and fall together." *See Travelers Prop. Cas. Co. of Am. v. Centex Homes*,

No. 11-cv-03638-SC, 2012 WL 1657121, at *8 (N.D. Cal. May 10, 2012).  Third, Plaintiffs' allegation that Defendant failed "to act in good faith to fulfill its obligations under the Agreements" does not identify any acts by Defendant and is too generalized to plausibly state a claim.  *See* Compl. ¶ 36; *Careau*, 222 Cal. App. 3d at 1395.

Plaintiffs also fail to state a claim for breach of the covenant of good faith based on the allegation that Defendant failed to resolve export compliance concerns.  Defendant argues that it had no obligation to resolve export compliance concerns under the agreements such that Plaintiffs cannot base their claim on its alleged failure to do so.  Mot. 5–6.  But Plaintiffs allege the purchase orders in each agreement specify that "Seller [CAET] is responsible to provide . . . Export Control/Permit documentations in time."  Compl. ¶ 5; *see, e.g.*, Compl., Ex. A at 17 ¶ 5.  The purchase orders also include a provision stating, "CCIC Support in warehouse included," which Plaintiffs argue indicates Defendant was to assist with ensuring compliance.  *See, e.g.*, Compl., Ex. A at 17 ¶ 16; Opp'n 8.  At this stage, the Court finds these allegations sufficient to plausibly allege Defendant undertook at least some obligation to assist with facilitating export compliance under the agreements.  Nonetheless, Plaintiffs do not allege any actions by Defendant that violated this obligation—only that Plaintiffs provided the necessary information to assist Defendant with ensuring export compliance before Defendant stopped communication and refused to ship the purchased equipment.  *See* Compl. ¶ 17.  Plaintiffs instead "dispute that any export restrictions constrained delivery of the purchased items."  Compl. ¶ 18.

The Court therefore DISMISSES the claim for breach of the implied covenant of good faith and fair dealing with leave to amend.

### C.    Unjust Enrichment (Fifth Claim)

Defendant moves to dismiss Plaintiffs' claim for unjust enrichment, arguing that unjust enrichment does not constitute a standalone cause of action under California law and that the claim necessarily fails where a valid, enforceable agreement exists between the parties.  Mot. 6.  Plaintiffs respond that unjust enrichment is a proper standalone cause of action and may be pled in the alternative to contract claims.  Opp'n 9–10.

6

"While California case law appears unsettled on the availability of" unjust enrichment as a standalone cause of action, the Ninth "Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); *see Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  Following circuit precedent, the Court concludes Plaintiffs may allege a claim for unjust enrichment "as an independent cause of action or as a quasi-contract claim for restitution." *See Stratos*, 828 F.3d at 1038.

However, "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor*, 96 F.3d at 1167.  Because, as discussed above, Defendant appears to concede the validity of the agreements, Plaintiffs' claim for unjust enrichment fails. *See supra* III(A); Reply 6.  The unjust enrichment claim is DISMISSED without leave to amend.

### D.    Conversion (Sixth Claim)

Defendant argues Plaintiffs' conversion claim fails because it is based on the same allegations as the breach of contract claims and is barred by the economic loss rule.  The Court agrees the claim is precluded by the economic loss rule and therefore does not address Defendant's first argument.

California's economic loss rule functions to maintain separation between contract and tort law by generally limiting a party "to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise" from tortious conduct. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988–89 (Cal. 2004).  Most recently, in *Rattagan v. Uber Techs., Inc.*, the California Supreme Court held that the economic loss rule bars recovery in tort for breach of a contract duty "unless two conditions are satisfied.  A plaintiff must first demonstrate the defendant's injury-causing conduct violated a duty that is independent of the duties and rights assumed by the parties when they entered the contract.  Second, the defendant's conduct must have caused injury to persons or property that was not

7

1  reasonably contemplated by the parties when the contract was formed." 17 Cal. 5th 1, 20–

2  21 (Cal. 2024).

3         For courts in the Ninth Circuit, whether the economic loss rule bars a conversion

4  claim depends on "whether the ownership interest that formed the basis for the conversion

5  claim preexisted the contract or arises from the contract." *Markowitz v. JPMorgan Chase*

6  *Bank, N.A.*, No. 23-cv-06528-ODW (MRWx), 2024 WL 5203062, at *5 (C.D. Cal. Dec.

7  23, 2024) (citation omitted).  If the property right on which a plaintiff bases a claim for

8  conversion was created by the contract, rather than independent of the contract, the

9  economic loss rule bars the claim.  *Id.*; *Textainer Equip. Mgmt. (U.S.) Ltd. v. TRS Inc.*, No.

10  07-cv-01519-WHA, 2007 WL 1795695, at *3 (N.D. Cal. June 20, 2007); *Tsai v. Wang*,

11  No. 17-cv-00614-DMR, 2017 WL 2587929, at *8–9 (N.D. Cal. June 14, 2017); *Zeichner*

12  *v. Nord Sec. Inc.*, No. 24-cv-02462-JSC, 2024 WL 4951261, at *8 (N.D. Cal. Dec. 2,

13  2024).

14         Here, Plaintiffs allege that after they "paid for the Equipment in full, they were

15  entitled to take possession of the Equipment following prompt and timely delivery, or to a

16  refund of the payments."  Compl. ¶ 44.  Plaintiffs' alleged property rights in the equipment

17  therefore arose out of their agreements with Defendant because Plaintiffs allege that they

18  were entitled to possession as a result of their payments, which were made under and

19  governed by the agreements.  *See* Compl. ¶ 44; *see, e.g.*, Ex. A at 13 ¶ 8 ("Title and risk of

20  loss . . . pass to Buyer upon CAET's receipt of the Purchase Price.").  Plaintiffs' alleged

21  property right to their payments, in the form of refunds, also arose out of the agreements

22  because Plaintiffs allege that they made the payments pursuant to the agreements, Compl.

23  ¶¶ 14, 21, 26, and are entitled to refunds based on the terms of the agreements, Compl. ¶¶

24  13, 18, 22, 27.  Because Plaintiffs' alleged ownership interests were created by the

25  agreements, the conversion claim is barred by the economic loss rule.  *See Zeichner*, 2024

26  WL 4951261, at *8; *Tsai*, 2017 WL 2587929, at *9.

27         Plaintiffs' conversion claim is therefore DISMISSED with leave to amend.

28

United States District Court
Northern District of California

8

United States District Court
Northern District of California

### E.    Unfair Business Practices (Seventh Claim)

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A "plaintiff may proceed under the UCL" on any of these "three possible theories." *Garcia v. Sony Comput. Ent. Am., LLC*, 859 F. Supp. 2d 1056, 1061 (N.D. Cal. 2012).

Plaintiffs allege Defendant engaged in the following unfair business practices: "(1) unjustifiably refusing to refund payments for undelivered products; (2) offering equipment for sale, and accepting and retaining payments for such equipment, despite claiming that such equipment cannot be shipped in compliance with export laws; (3) refusing to provide refunds despite its own failure or refusal to deliver equipment for which it demanded prepayment; and (4) falsely representing that it would assist with export compliance." Compl. ¶ 50.

Plaintiffs appear to concede that they fail to state a claim under the unlawful or fraudulent prongs of the UCL, as they do not respond to Defendant's arguments asserting as much. *See* Mot. 8–10; Opp'n 11–12; *Shagoofa v. Eshaqzi*, No. 22-cv-01824-FWS-JDE, 2024 WL 1600657, at *3 (C.D. Cal. Feb. 26, 2024) ("'A failure to oppose [moving arguments in] a motion, as to a claim or an issue' may be deemed 'a waiver, abandonment, or concession of that claim or issue.'"). The Court agrees with Defendant that Plaintiffs also fail to state a claim under the unfair prong of the UCL.

The test for unfair conduct under the UCL varies depending on whether a plaintiff alleges the unfair conduct is among business competitors or injures consumers. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1170–71 (C.D. Cal. 2014). Plaintiffs' opposition brief suggests the Court should apply the test for injuries to consumers, Opp'n 11, though Defendant argues that the consumer test is inappropriate given the nature of the transactions alleged, Reply 14. The Court need not decide as much at this juncture because "courts in this district have held that where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in

9

the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Hadley*, 243 F. Supp. 3d at 1104–05. Here, Plaintiffs allege the same conduct by Defendant constituted "unfair, unlawful, and fraudulent business acts and practices" and seemingly concede that they fail to state a claim under the unlawful or fraudulent prongs of the UCL. Compl. ¶¶ 50–51; *see* Opp'n 11–12. As such, Plaintiffs' claim under the unfair prong of the UCL likewise fails. *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021).

Plaintiffs' claim for unfair business practices under the UCL is DISMISSED with leave to amend.

## IV.    CONCLUSION

The Court GRANTS Defendant's motion to dismiss the complaint. Specifically, the Court DISMISSES Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing (Fourth Claim), conversion (Sixth Claim), and unfair business practices under the UCL (Seventh Claim) with leave to amend. The Court DISMISSES Plaintiffs' claims for money had and received (Third Claim) and unjust enrichment (Fifth Claim) without leave to amend.

Plaintiffs must file an amended complaint or a statement indicating they do not intend to amend the complaint by May 13, 2025. Plaintiffs may not add parties or claims without leave of the Court.

**IT IS SO ORDERED.**

Dated:  April 29, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge